## In re CHARLESTON.

( *District Court, D. Minnesota.* May, 1888 )

1. EXTRADITION—COMPLAINT—FORGERY.

A complaint in extradition proceedings for forgery, which minutely sets forth the note alleged to be forged, its amount, the date, and names of the parties, and the bank which discounted the note, is sufficient, both in substance and in form.

2. SAME—IDENTITY OF PERSON.

The identity of the prisoner is sufficiently established when, upon being brought before the commissioner, he admits that he is the person named in the complaint, and that he executed the note therein described.

3. SAME—EVIDENCE—DEPOSITIONS—AUTHENTICATION.

The act of congress (22 St. at Large, p. 216, § 5) declares that in extradition cases copies of depositions relating to allegations in the complaint shall be

admitted as evidence for all the purposes of the hearing, if they shall be prop-
erly and legally authenticated, so as to entitle them to be received for similar
purposes by the tribunals of the foreign country from which the accused shall
have escaped, and the certificate of the principal diplomatic or consulate offi-
cer shall be proof that any deposition, warrant, or other paper, or copies
thereof, so offered, are duly authenticated. *Held*, that it is not necessary, in
addition to the certificate of the consul, to prove that the law of the foreign
country would allow "copies of original depositions taken before a mag-
istrate to be received as competent proof against the accused for purposes of
commitment."

*Habeas Corpus.*
*James J. McCafferty*, for petitioner.
*James E. Markham, contra.*

NELSON, J.   A complaint of John Wilson Murray setting forth that
he is chief of the provincial detective department of the province of On-
tario, in the dominion of Canada, and the duly-authorized agent of the
government of said dominion to prosecute an extradition proceeding, was
made before William `A. Spencer, commissioner of the circuit court of the
United States in this district, duly authorized to hear extradition pro-
ceedings under the treaty between Great Britain and the United States,
charging the petitioner with the crime of forgery, alleged to have been
committed at the township of Raleigh, in the county of Kent and prov-
ince of Ontario.   A warrant issued, and he was arrested and held and
committed by the commissioner for extradition.   He is brought before
me on a writ of *habeas corpus* with the proceedings under a writ of *certio-
rari*.   A demurrer is interposed and it is urged by the counsel for the
petitioner that the proceedings before the commissioner are irregular,
and the evidence insufficient to justify this commitment.

Article 10 of the treaty with Great Britian declares that the persons
charged with crime are to be delivered up, "provided that this shall only
be done upon such evidence of criminality as, according to the laws of
the place where the fugitive or person so charged shall be found, would
justify his apprehension and commitment for trial if the crime or offense
had there been committed," a..d the magistrate shall have authority to
issue a warrant that the person charged may be brought before such mag-
istrate, "to the end that the evidence of criminality may be heard and
considered; and if, on such hearing, the evidence be deemed sufficient
to sustain the charge, it shall be the duty of the examining magistrate to
certify the same to the proper executive authority that a warrant may
issue for the surrender of such fugitive."   By section 5270, Rev. St. U.
S., commissioners duly designated may issue warrants and hear such
cases.   The questions involved before the examining magistrates, on a
hearing, within the scope of the obligations assumed by the treaty, are
clearly (1) the identity of the person charged with the crime; (2) the
sufficiency of the evidence of criminality.

It is urged that the complaint before the commissioner is not sufficient
to give him jurisdiction.   This objection is not well taken.   The instru-
ment alleged to be forged, the amount of the note, the date and names
of the persons, and the bank which discounted the note, are all minutely

set forth. The complaint is not only good in substance, but in form, and so describes the crime that the prisoner could not be mistaken in regard to the accusation. The commissioner had full jurisdiction to issue the warrant, and proceed in the case. The identity of the prisoner is established by his own admission, when brought before the commissioner, that he was the person named in the complaint, and that he executed the note therein described. Nothing further was necessary except to show probable cause of guilt by competent evidence. If this is done, the prisoner must be remanded. The original note was produced, and certain depositions offered in evidence respecting the allegations in the complaint. The manager of the bank which discounted the note certified, as appears in the copy of his deposition, that the prisoner brought the note alleged to be forged to the bank, and represented that the note was made by persons whose names are charged to be forged. The copy of the deposition of Robinson, whose name appears as one of the makers of the note, states that he did not sign it, "nor was the prisoner or any other person authorized to sign it for me." If these depositions are competent evidence, and properly received, the sufficiency of the evidence of criminality is not doubtful. These copies of depositions and all the foreign papers offered in evidence have attached a certificate of the American consul at the city of Toronto, in the province of Ontario and dominion of Canada, that they are properly and legally authenticated to entitle them to be used for similar purposes in the tribunals of the said province and of the said dominion.

An objection is interposed to this certificate the force of which I do not clearly comprehend. The counsel concedes that the question to be considered is the competency of the copies of the depositions, as evidence of criminality, and it is also true that the competency of the evidence is to be determined by our law, according to the rules of evidence which congress has prescribed in the act passed August 3, 1882, but it is claimed that proof should have been given, in addition to the certificate of the consul, that the law of the dominion of Canada would allow copies of original depositions taken before a magistrate to be received as competent proof against the accused for the purposes of commitment." I cannot appreciate this point. The fact for the commissioner to determine is the criminality of the person charged, and by the treaty the question is, what is competent evidence of that fact here in Minnesota where the prisoner is arrested? The act of congress must settle this, "which declares in substance "that in extradition cases copies of depositions relating to the allegations in the complaint shall be received and admitted as evidence on the hearing, for all the purposes of the hearing, if they shall be properly and legally authenticated, so as to entitle them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped, and the certificate of the principal diplomatic or consulate officer shall be proof that any deposition, warrant, or other paper, or copies thereof so offered, are authenticated in the manner required by this act." See 22 St. at Large, § 5, p. 216.

The certificate of the consul to the depositions fully meets the requirements of this act to entitle the depositions to be received by the commissioner as evidence of criminality. It has been held by all tribunals which have passed upon this act of 1882 that "similar purposes" refers to the words "for all the purposes of such hearing," that is, to proof of criminality. See *In re McPhun*, 30 Fed. Rep. 57; *In re Herris*, 32 Fed. Rep. 583; *In re Hinrich*, 5 Blatchf. 414, 425; and others.

The other objections to the proceedings are technical. According to the record, the prisoner, when shown the note, admitted that he made it, and got the money on it from the Merchants' Bank in Chatham. I find no error in the proceedings before the commissioner, and an order will be entered dismissing the writ of *habeas corpus*, and remanding the prisoner.